NIKKI POWELL, a minor by her NEXT FRIENDS AND PARENTS, GARNETT POWELL and PAMELA POWELL, individually, Plaintiffs

v.

VIRGIN ISLANDS WATER AND POWER AUTHORITY, Defendant

Civil No. 1983/42

FARYAL NABIEJOHN, a minor by her parents and friends, FAROUK and ANDVAROONA NABIEJOHN, and FAROUK and ANDVAROONA, individually, Plaintiffs

v.

VIRGIN ISLANDS WATER AND POWER AUTHORITY, Defendant

Civil No. 1983/43

District Court of the Virgin Islands

Div. of St. Croix

May 22, 1984

JEAN–ROBERT ALFRED, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

R. ERIC MOORE, ESQ., Christiansted, St. Croix, V.I., and CAROL G. HURST, ESQ., Charlotte Amalie, St. Thomas, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

In these cases, plaintiffs seek both compensatory and punitive damages against the defendant. The defendant moved for partial summary judgment dismissing the punitive damage demand on grounds that the Virgin Islands Water and Power Authority is a public corporation and instrumentality of the Government of the Virgin Islands. It being such, defendant argues, it cannot be assessed punitive damages absent express statutory authority for the imposition of such an award. We agree and judgment will enter accordingly.

## I. FACTS

Both sets of plaintiffs filed suit against the defendant ("WAPA") asserting a claim for compensatory damages. One specific count of the complaint in each case seeks punitive damages for the outrageous, willful wanton and reckless conduct of the defendant.

WAPA is a creature of statute, having come into existence in 1964 in its present form. Title 30, V.I.C. § 103(a) provides:

> (a) there is hereby created a body corporate and politic constituting a public corporation and autonomous governmental instrumentality of the Government of the Virgin Islands by the name of the Virgin Islands Water and Power Authority . . . .

WAPA is a public utility owned by the Government of the Virgin Islands. It draws its revenue from income paid by territorial users of electricity and water. It is not intended to earn a profit. Rather, it is intended to provide water and electricity to the people of the Virgin Islands as well as commercial and industrial users, at the lowest

possible rate. It can sue and be sued in its corporate name. 30 V.I.C. § 105.

It cannot be denied that since WAPA derives its income from ratepayers, i.e., users of water and electricity, any award of punitive damages which increases the amount WAPA might be obligated for as part of its operations, must come from concomitant increases in the rates paid by users.

Under such circumstances, are punitive damages warranted?

## II. DISCUSSION

It is a curious fact that notwithstanding the frequency of litigation against WAPA, its potential liability for punitive damages has never been determined and certainly, if they are not allowable against WAPA, they are not allowable against the territorial government.

One oft-forgotten case did assess punitive damages against the Government of the Virgin Islands but the judge, on reconsideration, converted the award to compensatory damages and left open the question we are required to decide herein. See Louis Martinez-McBean v. Government of the Virgin Islands (D.V.I., 1976), 1976 St. Croix Supp. 601 and 1976 St. Croix Supp. 650.

██ It is the general rule, however, that punitive damages are not assessable against public and/or municipal corporations. In Newport v. Fact Concerts, Inc., 453 U.S. 247, 259–263 (1980). The Supreme Court set the stage for a wide-ranging discussion of punitive damages against a government, pointing out:

> It was generally understood by 1871 that a municipality, like a private corporation, was to be treated as a natural person subject to suit for a wide range of tortious activity, but this understanding did not extend to the award of punitive or exemplary damages. . . . Judicial disinclination to award punitive damages against a municipality has persisted to the present day in the vast majority of jurisdictions. Id. at 260, including authorities cited.

██ The rationale for refusing to award punitive damages against governmental units was synthesized in the defendant's superb brief. Primary among the reasons is that an award of punitive damages in such instances would ultimately be borne by the citizens of the affected community, either through increased taxes or, in the instance of WAPA, by higher rates for water and electricity. Yet

such citizens are the very persons sought to be protected by punitive damage awards.

■ It must be remembered that punitive damages are not intended as compensation for the prevailing plaintiff, but to punish the defendant for outrageous, malicious or intentional conduct and deter that defendant and others from similar extreme conduct. Restatement (Second) of Torts, § 908. This purpose has been drummed into us in this jurisdiction by a line of cases, the most recent of which are Acosta v. Honda Motor Company, Ltd., 717 F.2d 838 (3d Cir. 1983) and Berroyer v. Hertz, 672 F.2d 334 (3d Cir. 1982).

To countenance an award of punitive damages in this case against WAPA would actually punish the ratepayers, most of whom are the citizens of our community. Some courts have refused to allow punitive damages even against private owners of a public utility on the same basis. See Daaleman v. Elizabeth Town Gas Co., 390 A.2d 566 (N.J. 1978).

■ We adopt this rule for our jurisdiction as logical and appropriate. Judgment will enter accordingly.

## PARTIAL SUMMARY JUDGMENT

THIS MATTER is before the Court on motion of the defendant for partial summary judgment dismissing the punitive damages count of each complaint herein. The Court having filed its Memorandum Opinion of even date herewith, now therefore it is

ORDERED, ADJUDGED AND DECREED:

THAT the counts of the complaints herein alleging punitive damages are hereby DISMISSED, with prejudice.